IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMARR CANNON, | § | |
| | § | |
| Defendant Below, | § | No. 128, 2017 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1308007035B (K) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 25, 2017
Decided: June 23, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

This 23rd day of June 2017, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Jamarr Cannon, filed this appeal from the Superior Court's denial of his motion for correction of a sentence imposed in an illegal manner under Superior Court Criminal Rule 35(a). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Cannon's opening brief that his appeal is without merit. We agree and affirm.

(2) On November 2, 2016, after a three day trial, a Kent County jury found Cannon guilty of Possession of Firearm Ammunition by a Person Prohibited

("PABPP") and not guilty of Possession of a Firearm by a Person Prohibited ("PFBPP"). On December 13, 2016, the Superior Court sentenced Cannon to eight years of Level V incarceration, with credit for seven days previously served, suspended after six months for one year of Level III supervision. The sentencing order identified lack of amenability as an aggravating factor. Cannon did not file a direct appeal.

(3) On January 5, 2017, Cannon filed a motion for sentence reduction/modification. In support of the motion, Cannon argued he was sentenced in excess of the Sentencing Accountability Commission ("SENTAC") guidelines, his imprisonment was causing his family financial distress and hurting his business, and in the past five years he had successfully completed all of his probationary terms. In an order dated January 30, 2017, the Superior Court denied the motion, finding the sentence was appropriate for the reasons stated at sentencing. On February 7, 2017, Cannon filed a motion to amend his motion for sentence reduction/modification.

(4) On February 27, 2017, Cannon filed a motion to correct a sentence imposed in an illegal manner under Superior Court Criminal Rule 35(a). Cannon argued that his sentence exceeded the SENTAC guidelines for a secondary offense. Cannon also filed a letter contending he was acquitted of the lead offense of PFBPP and his sentence for the secondary offense of PABPP exceeded the SENTAC

2

guidelines for a secondary offense. In an order dated February 28, 2017, the Superior Court denied Cannon's February 7, 2017 motion as repetitive under Rule 35(b). In an order dated March 2, 2017, the Superior Court denied Cannon's February 27, 2017 motion and letter on the grounds that sentence was appropriate for the reasons stated at sentencing. This appeal followed.

(5) We review the Superior Court's denial of a motion for correction of sentence for abuse of discretion, although questions of law are reviewed *de novo*.[1] Cannon's motion for correction of a sentence imposed in an illegal manner was timely because it was filed within ninety days of his December 13, 2016 sentencing.[2] In his opening brief, Cannon argues the Superior Court erred in denying his motion because: (i) he had complied with his previous periods of probation and therefore the Superior Court incorrectly identified lack of amenability as an aggravating factor at his sentencing to justify a sentence in excess of SENTAC guidelines; (ii) the Superior Court did not identify his previous criminal record as an aggravating factor at sentencing, but referred to his previous criminal record in denying his motion; (iii) the Superior Court applied an aggravating factor to a secondary offense, contrary to

---

[1] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[2] Super. Ct. Crim. 35(a) (providing motion for correction of sentence imposed in an illegal manner must be filed within the time provided for reduction of sentence); Super. Ct. Crim. 35(b) (providing motion for reduction of sentence must be made within ninety days after the sentence is imposed).

3

the SENTAC guidelines; and (iv) the Superior Court sentenced him with a closed mind.

(6) Cannon's claims on appeal primarily allege errors occurring at his December 13, 2016 sentencing. As the appealing party, Cannon was required to provide "a transcript of all evidence relevant to the challenged finding or conclusion."[3] Cannon stated in his notice of appeal that all Superior Court proceedings required for this appeal had been transcribed, but the record does not contain any transcripts or reflect that Cannon ever requested preparation of any transcripts. In the absence of a sentencing transcript, we cannot review the errors alleged to have occurred at Cannon's December 13, 2016 sentencing.[4] As to Cannon's claims that his sentence impermissibly exceeded SENTAC guidelines, SENTAC guidelines are non-binding and do not provide a basis for appeal of a sentence within statutory limits as in this case.[5] We conclude the Superior Court did not err in denying Cannon's motion for correction of a sentence imposed in an illegal manner.

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

---

[3] Supr. Ct. R. 14(e).
[4] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).
[5] *Mayes v. State*, 604 A.2d 839, 845 (Del. 1995). *See also* 11 *Del. C.* § 1448(c) (providing PABPP is a class D felony); 11 *Del. C.* § 4205(b)(4) (providing for term of incarceration of up to eight years for a class D felony).

4

BY THE COURT:


*/s/ Karen L. Valihura*
Justice

5